cause of an illegal search, and that Len Huskey was without authority to waive warrant for the search of appellant's residence.

It is not necessary to determine this question, because appellant's admission of the ownership and possession of the liquor rendered untenable any objection to the search which did nothing more than establish possession of the liquor in appellant.

Other bills of exception appearing have been examined and are overruled without discussion.

The judgment is affirmed.

Opinion approved by the Court.

 We find no notice of appeal contained in the record. "A memorandum on the docket of the judge * * * is not sufficient" to effect an appeal to this Court. 4 Texas Jurisprudence, Section 78, page 117.

The appeal is dismissed.

### GREATHOUSE v. STATE.
### No. 25665.

Court of Criminal Appeals of Texas.
Jan. 23, 1952.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is unlawfully selling alcoholic liquor; the punishment, one year in jail and a fine of $2,000.00.

### GRIMES v. STATE.
### No. 25671.

Court of Criminal Appeals of Texas.
Jan. 23, 1952.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is the unlawful transportation of alcoholic liquor in a dry area; the punishment, a fine of $500.00.

The record is before us without a statement of facts or bills of exception.

The complaint and information appear regular on their face; and nothing being presented for review, the judgment of the trial court is affirmed.